12-3518-cv
Bamba v. U.S. Dep't of Homeland Sec.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand thirteen.

PRESENT:  ROBERT D. SACK,
              REENA RAGGI,
              CHRISTOPHER F. DRONEY,
                 *Circuit Judges.*

------------------------------------------------------------------------

MIANKANZE BAMBA,
              *Plaintiff-Appellant*,

      v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, JOHN ULIANKO, DENNIS MCGOWAN, DAVID SUNA, MICHAEL MISCHLER, ESQ., ERIC ABRAHAMSEN, and THE STATE OF FLORIDA,
              *Defendants-Appellees.*

No. 12-3518-cv

------------------------------------------------------------------------

FOR APPELLANT:            Miankanze Bamba, *pro se*, Baltimore, Maryland.

FOR APPELLEES:           Carina H. Schoenberger, Benjamin H. Torrance, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern

District of New York, New York, New York, *for Defendants-Appellees United States Department Of Homeland Security, John Ulianko, Dennis Mcgowan, David Suna, and Michael Mischler, Esq.*

Mark S. Dunn, Assistant Attorney General, *for* Pamela Jo Bondi, Attorney General of Florida, Tallahassee, Florida, *for Defendants-Appellees Eric Abrahamsen and The State of Florida.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 27, 2012, is AFFIRMED.

Pro se plaintiff Miankanze Bamba appeals from the dismissal of his amended complaint raising claims under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When reviewing the dismissal of a complaint for lack of subject matter jurisdiction or lack of personal jurisdiction, we review factual findings for clear error and legal conclusions de novo. See Marvel Characters, Inc. v. Kirby, 726 F.3d 119, 128 (2d Cir. 2013) (personal jurisdiction); Liranzo v. United States, 690 F.3d 78, 84 (2d Cir. 2012) (subject matter jurisdiction). We review de novo the dismissal of the complaint pursuant to Rule 12(b)(6), accepting the complaint's factual allegations as true and drawing all

2

reasonable inferences in plaintiff's favor.   See Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010).   While pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 71–72 (2d Cir. 2009), we are obliged to construe a pro se complaint liberally "to raise the strongest arguments [it] suggest[s]," Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (alterations in original; internal quotation marks omitted).   Here, an independent review of the record and relevant case law reveals that the district court properly dismissed Bamba's claims. Thus, we affirm for substantially the same reasons stated by the district court in its thorough July 24, 2012 decision.

We have considered all of Bamba's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.   Furthermore, we GRANT defendants' motion to strike Bamba's extra-record material, and we DENY Bamba's motion for permission to file a sur-reply in opposition to defendants' motion to strike extra-record material.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3